Vicki I. Sarmiento, Esq. (SBN 134047)
**LAW OFFICES OF VICKI I. SARMIENTO**
333 N. Garfield Ave.
Alhambra, CA 91801
Tel: (626) 308-1171
Fax: (626) 308-1101
e-mail: vsarmiento@vis-law.com

Paul Hoffman, SBN 71244
John Washington SBN 315991
**SCHONBRUN, SEPLOW, HARRIS, HOFFMAN & ZELDES LLP**
11543 W. Olympic Blvd.
Los Angeles, California 90064-1508
Tel.: 310 396-0731
Fax: 310 399-7040
e-mail: hoffpaul@aol.com
e-mail: jwashington@sshhlaw.com

Dale K. Galipo (SBN 144074)
**LAW OFFICES OF DALE K. GALIPO**
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118
E-mail: dalekgalipo@yahoo.com

*Attorneys for Plaintiff, Delia McElfresh*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| DELIA McELFRESH,<br><br>         Plaintiff,<br><br>vs.<br><br>CITY OF SOUTH PASADENA, ARTHUR MILLER, CHRISTOPHER PEREZ, GILBERTO CARRILLO, AVICK MANUKIAN, SPENCER LOUIE, ARTHUR BURGOS, and DOES 1-10, inclusive.<br>         Defendants. | **Case No.**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Fourth Amendment—Unlawful Entry (42 U.S.C. § 1983)<br>2. Fourth Amendment—Unreasonable Detention (42 U.S.C. § 1983)<br>3. Fourth Amendment—Excessive Force (42 U.S.C § 1983)<br>4. Supervisory Liability (42 U.S.C. § 1983)<br>5. Municipal Liability (42 U.S.C. § 1983)<br>6. Substantive Due Process (42 U.S.C. § 1983) |

1
Complaint for Damages

**DEMAND FOR JURY TRIAL**

COMES NOW, PLAINTIFF DELIA McELFRESH, and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331. The Court has personal jurisdiction over the Defendants because they are residents of and/or a public entity in the Central District of California.

2. Venue is proper in this District under 28 U.S.C. § 1391 because the unlawful actions challenged herein occurred in the Central District; and all parties reside in the Central District.

## THE PARTIES

3. Plaintiff is an individual residing in the County of Los Angeles, State of California. Plaintiff is the biological mother of decedent Vanessa Marquez.

4. Defendant CITY OF SOUTH PASADENA (hereafter "CITY") is a municipality duly organized and existing under and by virtue of the laws of the State of California. The South Pasadena Police Department ("SPPD") is an official subdivision of defendant CITY, and all officers employed by said department are employees of defendant CITY.

5. Defendant CITY is responsible for Plaintiff's injuries under 42 U.S.C. § 1983 because its policies, customs, procedures and practices caused Plaintiff's injuries. At all relevant times, CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of SPPD and its employees and agents complied with the laws of the United States of America and the State of California. All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants and/or employees, and each of them, all of whom at all relevant times herein were acting within the course and scope of said agency, service and/or employment capacity.

6. At all relevant times, CITY was the employer of ARTHUR MILLER (hereinafter "MILLER") who at all relevant times was the Chief of Police for the SPPD

and at all times possessed the power and the authority and was charged by law with the responsibility to enact policies and to prescribe rules and practices concerning the operation and training of the subordinate officers, sergeants, lieutenants and commanders of the SPPD.  DOES 1-4 were managerial, supervisorial, and policymaking employees of the SPPD, and were acting with the complete authority and ratification of their principal, Defendant CITY.  At all relevant times, Defendant Miller was acting within the course and scope of its duties as officers of the CITY.

7. Officers CHRISTOPHER PEREZ ("PEREZ"), GILBERTO CARRILLO ("CARRILLO"), AVICK MANUKIAN ("MANUKIAN"), Sergeant SPENCER LOUIE ("LOUIE"), Detective ARTHUR BURGOS ("BURGOS"), and DOES 5-10 are officers, sergeants, or lieutenants who were employed by and working on behalf of the CITY and were acting under the color of law within the course and scope of their duties as employees of the CITY and with the complete authority and ratification of Defendant CITY.

8. Defendants MILLER, PEREZ, CARRILLO, MANUKIAN, LOUIE, BURGOS, and DOES 1-10 are sued in their individual capacities.

9. The true names and capacities of DOES 1-10 are unknown to Plaintiff, who sues these Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of these Defendants when they have been ascertained.  Each of the fictitiously named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

10. At all times mentioned herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant.  All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity.  Moreover, Defendants and their agents ratified all of the acts complained of herein.

11. This is an action for damages and such other and further relief as may be consistent with federal law for injuries caused by persons acting under color of law.

## FACTS

12. On August 30, 2018, at approximately 11:30 a.m. or sometime before noon, a call to the South Pasadena Fire Department was made by a friend of Vanessa Marquez to have the fire department check on her regarding a medical issue, namely seizures.

13. Even though the call was for medical assistance and specifically requested response by paramedics with the South Pasadena Fire Department, several fully armed police officers from the SPPD responded to Ms. Marquez's apartment located in the City of South Pasadena, California.

14. On August 30, 2018, Ms. Marquez was a physically frail and petite female who had bouts with seizures. She had not committed a crime and was in the sanctity of her home when the police arrived.

15. Without probable cause or exigent circumstances, and without Ms. Marquez's consent, Officers MANUKIAN, CARRILLO, BURGOS, Sgt. LOUIE, and DOES 5-8 entered Ms. Marquez' apartment.

16. Ms. Marquez cooperated with the officers and provided them with all information requested of her. However, at the point when Ms. Marquez exercised her right not to go to the hospital, SPPD officers MANUKIAN, CARRILLO, BURGOS, and DOES 5-8 under the supervision of Sgt. LOUIE, refused to leave and resorted to implementing an unlawful Welf. & Inst. §5150 hold to remove Ms. Marquez from her home.

17. The situation called for de-escalation and there were multiple options available to the officers if they were in fact concerned for Ms. Marquez's well-being. There was no urgency to forcibly remove Ms. Marquez from her home. Instead of de-escalating the situation, more police officers stormed into her building, including Officer PEREZ who arrived with an AR-22 rifle. Plaintiff contends that the seizure of Ms. Marquez was unreasonable in scope and manner.

18. From the bottom stairwell that led to Ms. Marquez's apartment and with their guns and rifles trained on her front door, Officers CARRILLO, PEREZ, and DOES 5-10 kept yelling at Ms. Marquez to "come out of the bedroom" even though they could not see her at all as she was inside her apartment.

19. A few minutes later, CARRILLO, PEREZ and DOES 5-10 fired a volley of shots at Ms. Marquez from a distance where she was out of the line of sight of the officers who were downstairs and close to the entry door of the building. Ms. Marquez was shot when she was not facing the officers, when the officers were a safe distance away from her, and when there was no imminent threat of serious injury or death to the officers or others. Ms. Marquez was not verbally threatening the officers before they started shooting her. The officers did not give a warning to Ms. Marquez that they would shoot. Thus, their use of force was objectively unreasonable. This volley of shots killed Ms. Marquez.

20. Ms. Marquez's death was the result of overreaction, excessive use of force, and gross mishandling of the situation by PEREZ, CARRILLO, MANUKIAN, BURGOS, LOUIE, and DOES 5-10. They were all integral participants to the events that led to Ms. Marquez's tragic death.

### FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Unlawful Entry (42 U.S.C. § 1983)**

(Against Defendants MANUKIAN, CARRILLO, BURGOS, LOUIE, and DOES 5-10)

21. Plaintiff realleges and incorporates by reference, as though set forth herein, each and every allegation set forth in paragraphs 1 to 20.

22. Defendants under color of law and through their policies, practices and customs, deprived Decedent Vanessa Marquez of rights, privileges, and immunities secured by the Fourth Amendment of the United States Constitution by entering her home without a warrant, without exigent circumstances, and without Decedent's consent.

23. On August 30, 2018, defendants MANUKIAN, CARRILLO, BURGOS,

LOUIE, and DOES 5-10, descended into Ms. Marquez's home fully armed and entered her home and then her bedroom where Ms. Marquez lay in her bed. The sheer presence of armed police officers in her home and bedroom was unnecessary and unreasonable under the circumstances.

24. At all relevant times, Ms. Marquez was in her home and not involved in any criminal activity that required the police presence. The intrusion into her home by armed police officers was unjustified and unreasonable constituting an unlawful search and seizure, unlawful entry, and false arrest.

25. Plaintiff is informed and believes and thereon alleges that MANUKIAN, CARRILLO, BURGOS, LOUIE and DOES 5-10 were integral participants in the unlawful conduct against Decedent and/or failed to intervene to prevent the constitutional violations against Decedent.

26. The aforementioned wrongful acts and constitutional deprivations were the proximate cause of Decedent's injuries and a cause of her death.

27. As a result of the foregoing, Decedent suffered great physical pain and emotional distress up to the time of her death, loss of enjoyment of life, loss of life and loss of earning capacity.

28. The conduct of defendants MANUKIAN, CARRILLO, BURGOS, LOUIE, and DOES 5-10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent and therefore warrants the imposition of exemplary and punitive damages to these defendants.

29. Plaintiff brings this claim as Decedent's successor in interest and seeks survival damages. Plaintiff also seek attorney's fees under this claim.

## SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Unreasonable Detention (42 U.S.C. § 1983)**
(Against Defendants MANUKIAN, CARRILLO, BURGOS, LOUIE, and DOES 5-10)

30. Plaintiff realleges and incorporates by reference, as though set forth herein, each and every allegation set forth in paragraphs 1 to 29.

31. Defendants under color of law and through their policies, practices and

customs, deprived Decedent Vanessa Marquez of rights, privileges, and immunities secured by the Fourth Amendment of the United States Constitution by detaining her without reasonable suspicion and in a manner that was unreasonable in scope under the circumstances.

32.  On August 30, 2018, defendants MANUKIAN, CARRILLO, BURGOS, LOUIE, and DOES 5-10, descended into Ms. Marquez's home fully armed and entered her home and then her bedroom where Ms. Marquez lay in her bed.  The sheer presence of armed police officers in her home and bedroom was unnecessary and unreasonable under the circumstances.

33. At all relevant times, Ms. Marquez was in her home and not involved in any criminal activity that required the police presence.  The intrusion into her home by armed police officers was unjustified and unreasonable constituting an unreasonable detention.

34.  Plaintiff is informed and believes and thereon alleges that MANUKIAN, CARRILLO, BURGOS, LOUIE and DOES 5-10 were integral participants in the unlawful conduct against Decedent and/or failed to intervene to prevent the constitutional violations against Decedent.

35. The aforementioned wrongful acts and constitutional deprivations were the proximate cause of Decedent's injuries and a cause of her death.

36. As a result of the foregoing, Decedent suffered great physical pain and emotional distress up to the time of her death, loss of enjoyment of life, loss of life and loss of earning capacity.

37. The conduct of defendants MANUKIAN, CARRILLO, BURGOS, LOUIE, and DOES 5-10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent and therefore warrants the imposition of exemplary and punitive damages to these defendants.

38.  Plaintiff brings this claim as Decedent's successor in interest and seeks survival damages.  Plaintiff also seek attorney's fees under this claim.

## THIRD CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

(Against PEREZ, CARRILLO, MANUKIAN, BURGOS, LOUIE and DOES 5-10)

39. Plaintiff realleges and incorporates by reference paragraphs 1 through 38 of this Complaint.

40. Defendants PEREZ and CARRILLO's unjustified shooting deprived Decedent of her right to be secure in her person against unreasonable searches and seizures as guaranteed to Decedent under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

41. Defendants MANUKIAN, BURGOS, LOUIE and DOES 5-10 were integral participants in the unlawful shooting of Decedent and/or failed to intervene to prevent the constitutional violations against Decedent.

42. Defendants used excessive and objectively unreasonable force in shooting Decedent.

43. As a result of the foregoing, Decedent suffered great physical pain and emotional distress up to the time of her death, loss of enjoyment of life, loss of life, and loss of earning capacity.

44. The conduct of defendants PEREZ, CARRILLO, MANUKIAN, BURGOS, LOUIE, and DOES 5-10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent and therefore warrants the imposition of exemplary and punitive damages to these defendants.

45. Plaintiff brings this claim as successor in interest to Decedent and seeks survival damages. Plaintiff also seeks attorney's fees under this claim.

## FOURTH CLAIM FOR RELIEF

**Municipal and Supervisory Liability—42 U.S.C. § 1983**

(Against CITY, MILLER, and DOES 1-4)

46. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 45 of this Complaint.

47. Plaintiff is informed and believes and thereon alleges that high ranking CITY

officials, including Chief MILLER, and high-ranking police supervisors, DOES 1 to 4, and/or each of them, knew or reasonably should have known about the repeated acts of misconduct by Defendants PEREZ, CARRILLO, MANUKIAN, BURGOS, LOUIE and DOES 5-10.

48. Plaintiff is further informed and believes and thereon alleges that high ranking CITY officials, including Chief MILLER, high ranking police supervisors, DOES 1 to 4, and/or each of them, knew or reasonably should have known that their police officers, including Defendants PEREZ, CARRILLO, MANUKIAN, BURGOS, LOUIE and DOES 5-10 were either untrained, or improperly trained in the following areas:

   a. Responding to calls for medical attention with the same force and militaristic approach as when responding to calls regarding violent crimes;
   b. Reasonable available less lethal weapons are required to be used against subjects who do not pose an imminent threat of serious injury or death to the officers or others;
   c. The failure of a subject to comply with orders does not justify the use of lethal force;
   d. Exercising reasonable opportunities for de-escalation, including the use of effective communication that is not confrontational, escalating, or demanding; reasonably creating time and distance to help de-escalate, to allow the use of effective communication, and to allow the continuing opportunity to use less-lethal weapons, to defuse a potential threat in place of lethal force;
   e. Welf. & Inst. 5150 holds and criteria for probable cause re same.

49. These policy, practice and training failures were a substantial factor and moving force in the violation of Ms. Marquez's rights, culminating in her shooting death on August 30, 2018 by Defendant Officers.

50. Despite having such notice, Plaintiff is informed and believes and thereon

alleges that Defendants CITY, MILLER, and DOES 1-4, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or constitutional violations by CITY.

51. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by CARRILLO, PEREZ, MANUKIAN, BURGOS and DOES 5-10, each of them, and the policy, practice and training deficiencies identified herein, Defendants MILLER and DOES 1-4, and/or each of them, acquiesced to the course of misconduct, resulting in the violation of the Plaintiff's rights as alleged herein.

52. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking City of South Pasadena officials, Chief MILLER, high ranking CITY supervisor, Defendants DOES 1-4, and each of them resulted in the deprivation of Decedent's constitutional rights including, but not limited to, the following:

  a. The right to be free from unreasonable search and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;
  
  b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendment to the United States Constitution;
  
  c. The right to refuse medical treatment for oneself.

53. Said rights are substantive guarantees under the Fourth, Fifth and/or Fourteenth Amendments of the United States Constitution.

54. By reason of the aforementioned acts and omissions, Plaintiff has suffered loss of love, comfort, companionship and society of Decedent. The aforementioned acts and omissions also caused Decedent's pre-death pain and suffering, loss of enjoyment of life and loss of life.

55. CITY, MILLER and DOES 1-4 have determined the acts of Defendants CARRILLO, PEREZ, MANUKIAN, BURGOS, and LOUIE were "within policy" and

CITY and MILLER ratified and acquiesced in the unlawful acts of these individual Defendants.

56. Upon information and belief, the CITY, MILLER and DOES 1-4 have a history of ratifying unconstitutional conduct by subordinate officers, including unlawful entry into homes and the use of excessive and deadly force.

57. Plaintiff brings this claim as Decedent's successor in interest, and seeks survival damages, including pre-death pain and suffering, emotional distress, loss of life for the violation of Decedent's rights. Plaintiff also seeks attorney's fees under this claim.

### FIFTH CLAIM FOR RELIEF
### Municipal Liability (42 U.S.C. § 1983)
(Against CITY)

58. Plaintiff incorporates herein by reference all of the allegations of paragraphs 1 to 57 above as if set forth here in full.

59. Plaintiff alleges that Defendant CITY had an unconstitutional policy, custom and/or practice regarding how welfare checks and Welf. & Inst. Code § 5150 holds were carried out. Plaintiff further alleges that Defendant City failed to train its employees, including Defendants CARRILLO, PEREZ, MANUKIAN, BURGOS, LOUIE and DOES 5-10, and/or each of them, in responding to calls for medical attention and in the determination of probable cause required to effect a Welf. & Inst. 5150 hold during the course of the subject-incident and plaintiff's resulting damages.

60. The training policies of Defendant CITY were not adequate to train its officers to handle the usual and recurring situations which they must encounter. Specifically, CITY's policies were not adequate to train its' officers in de-escalation and tactical communications when confronted with a subject who declines medical care. Instead of de-escalation, Defendant Officers employed tactics of escalation, including using unreasonable detentions, unreasonable seizures and/or excessive force to get the subjects to comply.

61. Defendant CITY was deliberately indifferent to the obvious consequences of its unconstitutional policy, custom and practice and its failure to train its deputies adequately.

62. The unconstitutional policy, custom and practice, and the CITY's failure to train was so closely related to the deprivation of the DECEDENT'S rights as to be the moving force that caused the ultimate injury.

63. Plaintiff has suffered loss of the love, companionship, comfort, society, of Decedent. The aforementioned acts and omissions also caused DECEDENT's pre-death pain and suffering, loss of life, loss of enjoyment of life, and death.

64. Accordingly, Defendant CITY is liable to the Plaintiff for compensation damages under 42 U.S.C. § 1983, including attorney's fees.

## SIXTH CLAIM FOR RELIEF

**Substantive Due Process (42 U.S.C. § 1983)**

(Against CARRILLO, PEREZ, MANUKIAN, BURGOS, LOUIE and DOES 5-8)

65. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 64 of this complaint with the same force and effect as if fully set forth herein.

66. Plaintiff had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff's familial relationship with her daughter Decedent Vanessa Marquez. Decedent herself had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state action that deprive her of life, liberty, or property in such a manner as to shock the conscience.

67. The aforementioned actions of Defendants CARRILLO, PEREZ, MANUKIAN, BURGOS, LOUIE and DOES 5-10 along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Plaintiff and Decedent to any legitimate law enforcement objective.

68. As a direct and proximate result of these actions, Decedent experienced pain and suffering and eventually died. Defendants CARRILLO, PEREZ, MANUKIAN, BURGOS, LOUIE and DOES 5-10 violated the substantive due process rights of Plaintiff and Decedent to be free from unwarranted interference with their familial relationship with each other.

69. As a direct and proximate cause of the acts of these Defendants, Plaintiff has been deprived of the life-long love, companionship, comfort, and society of Decedent, and will continue to be so deprived for the remainder of her natural life.

70. The conduct of CARRILLO, PEREZ, MANUKIAN, BURGOS, LOUIE and DOES 5-10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent and Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to these individual Defendants.

71. Plaintiff brings this claim in her own capacity, and as a successor-in-interest to the Decedent. She seeks survival damages, including pre-death pain and suffering, emotional distress, loss of life, and loss of enjoyment of life, for the violation of Decedent's rights, and damages for the loss of love, companionship, comfort, and society, and for violations of Plaintiff's rights. Plaintiff also seeks attorney's fees under this claim.

///

///

///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests entry of judgment in her favor and against Defendants as follows:

a. For compensatory damages, including both survival damages and wrongful death damages under federal law;

b. For punitive damages against the individual (non-government entity) defendants in an amount to be proven at trial;

c. For attorneys' fees including attorneys' fees pursuant to 42 U.S.C. Section 1988 for the federal constitutional claims; and

d. For such further relief as the Court may deem just, proper, and appropriate.

DATED: August 27, 2020       LAW OFFICES OF VICKI I. SARMIENTO
                             SCHONBRUN, SEPLOW, HARRIS, HOFFMAN & ZELDES LLP
                             LAW OFFICES OF DALE K. GALIPO


                             By       */s/ Vicki I. Sarmiento*
                                VICKI I. SARMIENTO
                                Attorneys for Plaintiff

# JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues.

DATED: August 27, 2020

LAW OFFICES OF VICKI I. SARMIENTO
SCHONBRUN, SEPLOW, HARRIS, HOFFMAN & ZELDES LLP
LAW OFFICES OF DALE K. GALIPO

By  */s/ Vicki I. Sarmiento*
VICKI I. SARMIENTO
Attorneys for Plaintiff

15
Complaint for Damages